UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOANNE CLEMMONS,

    Plaintiff,

v.                                          CASE No. 8:08-CV-1172-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain reversible error, the decision will be affirmed.

I.

The plaintiff, who was fifty-two years old at the time of the administrative hearing and who has the equivalent of a high school education

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

(Tr. 501), has worked relevantly as a home health care aide, driver's helper, nursery manager (plants), resident care giver, and certified nursing home assistant (Tr. 198-204, 502-07). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled as of January 15, 2005, due to "[d]epression, suicidal, anxiety, arthritis, scoliosis, pain in lower area of body, skin disorder, bleeding ulcers, ear problems, blood in urine" (Tr. 123). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has the following severe combination of impairments: arthritis, chronic obstructive pulmonary disease (COPD), depression, and anxiety (Tr. 11). He concluded that these mental and physical impairments limited the plaintiff to light work with the ability to alternate between sitting and standing at will, and that does not involve the performance of more than simple, routine, repetitive tasks, in an environment of low stress and with no public contact (Tr. 12). The law judge found that these limitations prevented the plaintiff from returning to her past relevant work (Tr. 16). However, the law judge

decided, based upon testimony from a vocational expert, that jobs exist in significant numbers in the national economy that the plaintiff could perform, such as small product assembler, wrapper/packer, and merchandise marker (Tr. 17, 516). The plaintiff was, therefore, found not disabled (Tr. 18). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C.

405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient

evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on three grounds. These contentions tend to be vague and nonspecific. This is reflected by the fact that the plaintiff does not support any argument by citation to any favorable medical evidence, despite a scheduling Order which required her to do so (Doc. 11, p. 2).[2] In all events, the contentions lack merit.

The plaintiff's first contention is styled as "[t]he Commissioner erred in failing to demonstrate that the plaintiff's entire medical condition was considered as a whole" (Doc. 21, p. 6). Under that heading, the plaintiff contends that the law judge did not demonstrate evidentiary support for the residual functional capacity finding because the decision does not contain a

---

[2] The only citation in the plaintiff's memorandum to medical evidence is to the report of a consultative examination (Doc. 21, p. 12). That report does not support the plaintiff's claim of disability, and the law judge relied upon that report in making his findings (Tr. 14, 15).

function-by-function assessment to do work-related physical and mental activities (id., pp. 6-7).

To the extent the plaintiff makes this assertion generally, it is baseless. The law judge considered the plaintiff's various impairments and set forth in his residual functional capacity both exertional and nonexertional limitations.

The only specific assertion on this issue is that the law judge did not address the plaintiff's pain and swelling in her legs that require her continually to elevate her legs (id., p. 7). The law judge, however, expressly considered that allegation and discounted it (Tr. 15). Moreover, he explained why (id.). The plaintiff has made no attempt to demonstrate that the law judge's explanation was not supported by substantial evidence, since she has not cited to any medical evidence in the record on this issue. Because the law judge discounted the allegation that the plaintiff had to keep her legs elevated, he did not need to include such a limitation in his residual functional capacity. Significantly, the law judge did impose a sit/stand option in his light work residual functional capacity (Tr. 12).

It is appropriate to add on this issue, in light of the plaintiff's general reference to types of nonexertional impairments at the end of her

argument, that the law judge systematically went through the plaintiff's various allegations of other impairments and explained why they were nonsevere (Tr. 14-15). The plaintiff has not identified any alleged impairment that the law judge overlooked. Moreover, she has made no attempt to show that any of those impairments were severe.

The plaintiff's second argument asserts that the law judge erred in his credibility determination (Doc. 21, p. 8). This conclusory argument, which does not cite any medical evidence, is meritless.

The Eleventh Circuit has articulated a standard for assessing allegations of pain and other subjective complaints. As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for

rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

The law judge recognized the need to articulate a credibility determination and referred to the Eleventh Circuit's decision in Landry, as well as to the pertinent regulations and Social Security rulings (Tr. 12). This demonstrates that he applied the Eleventh Circuit pain standard. Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002).

Moreover, the law judge, in detail too lengthy to succinctly quote, considered the plaintiff's complaints of debilitating pain and set forth reasons for discounting the plaintiff's subjective allegations (Tr. 12, 14-16). The law judge's determination is reasonable and supported by substantial evidence.

The plaintiff asserts that the law judge did not evaluate her allegation of swelling that requires her to elevate her legs (Doc. 21, p. 9). As previously indicated, the law judge considered, and rejected, that allegation, stating (Tr. 15):

> Treatment notes indicate that, on one occasion, in December 2006, the claimant was advised by the nurse practitioner to elevate her feet due to findings of edema. However, the recommendation was not seen in prior or subsequent treatment notes and the

Doppler studies of the lower extremities were normal.

The plaintiff also makes a passing reference to the law judge's finding that the plaintiff suffered only intermittent and slight joint swelling, tenderness, and stiffness due to arthritis. The law judge explained that finding as follows (Tr. 14-15):

> In April 2005, Dr. Nnadi found the claimant to have only mild tenderness in the joints, and negative straight leg raises, normal gait, normal strength, normal dexterity, and normal range of motion. The claimant later showed some limitation of motion and tenderness in the right knee, but x-ray of the knee was normal and examinations during the period February 2006 and thereafter did not document any significant findings of arthritis.
>
> . . . .
>
> The claimant alleges that she had difficulty using her hands for activities involving fine manipulation. However, examinations only occasionally revealed some slight joint swelling; Dr. Nnadi noted normal grip strength and normal dexterity; and no other physician noted any significant limitation of function of the claimant's hands. The record does not indicate that hand splints or a knee brace were required on a long-term basis.

The plaintiff has not pointed to any medical evidence which contradicts those findings, much less compels a contrary conclusion.

The plaintiff does not make any challenge to the law judge's credibility determination with respect to any other alleged condition. The plaintiff's attack on the credibility determination is therefore either baseless or nonexistent.

On this issue, the plaintiff throws in a suggestion that the law judge should have recontacted medical sources (Doc. 21, p. 10). Under the regulations (20 C.F.R. 404.1512(3), 416.912(e)), the basic principle for recontacting a physician is that the evidence received is inadequate for a disability determination. Generally, it is only necessary to recontact a physician if there are gaps in the record. See Gallina v. Commissioner of Social Security, 202 Fed.Appx. 387, 389 (11th Cir. 2006)(unpub. dec.); Johnson v. Barnhart, 138 Fed.Appx. 186, 189 (11th Cir. 2005)(unpub. dec.). As the law judge's decision shows, he obviously did not think that the record was inadequate for him to make a ruling. Moreover, the plaintiff has not pointed to any significant gap in the record.

The plaintiff's final argument is that the law judge erred because he did not have a medical expert testify at the hearing to opine whether the plaintiff met, or equaled, an Appendix 1 listing (Doc. 21, p. 11). See 20 C.F.R. Part 404, Subpart P, Appendix 1. As the Commissioner correctly

The plaintiff does not make any challenge to the law judge's credibility determination with respect to any other alleged condition. The plaintiff's attack on the credibility determination is therefore either baseless or nonexistent.

On this issue, the plaintiff throws in a suggestion that the law judge should have recontacted medical sources (Doc. 21, p. 10). Under the regulations (20 C.F.R. 404.1512(3), 416.912(e)), the basic principle for recontacting a physician is that the evidence received is inadequate for a disability determination. Generally, it is only necessary to recontact a physician if there are gaps in the record. See Gallina v. Commissioner of Social Security, 202 Fed.Appx. 387, 389 (11th Cir. 2006)(unpub. dec.); Johnson v. Barnhart, 138 Fed.Appx. 186, 189 (11th Cir. 2005)(unpub. dec.). As the law judge's decision shows, he obviously did not think that the record was inadequate for him to make a ruling. Moreover, the plaintiff has not pointed to any significant gap in the record.

The plaintiff's final argument is that the law judge erred because he did not have a medical expert testify at the hearing to opine whether the plaintiff met, or equaled, an Appendix 1 listing (Doc. 21, p. 11). See 20 C.F.R. Part 404, Subpart P, Appendix 1. As the Commissioner correctly

The plaintiff does not make any challenge to the law judge's credibility determination with respect to any other alleged condition. The plaintiff's attack on the credibility determination is therefore either baseless or nonexistent.

On this issue, the plaintiff throws in a suggestion that the law judge should have recontacted medical sources (Doc. 21, p. 10). Under the regulations (20 C.F.R. 404.1512(3), 416.912(e)), the basic principle for recontacting a physician is that the evidence received is inadequate for a disability determination. Generally, it is only necessary to recontact a physician if there are gaps in the record. See Gallina v. Commissioner of Social Security, 202 Fed.Appx. 387, 389 (11th Cir. 2006)(unpub. dec.); Johnson v. Barnhart, 138 Fed.Appx. 186, 189 (11th Cir. 2005)(unpub. dec.). As the law judge's decision shows, he obviously did not think that the record was inadequate for him to make a ruling. Moreover, the plaintiff has not pointed to any significant gap in the record.

The plaintiff's final argument is that the law judge erred because he did not have a medical expert testify at the hearing to opine whether the plaintiff met, or equaled, an Appendix 1 listing (Doc. 21, p. 11). See 20 C.F.R. Part 404, Subpart P, Appendix 1. As the Commissioner correctly

notes, the plaintiff is not arguing that she meets, or equals, a listing (Doc. 22, p. 3 n.2). Rather, her argument is simply that the law judge should have had a medical expert present to testify whether the plaintiff met, or equaled, a listing.

Importantly, no doctor, whether treating, examining, or reviewing, had indicated that the plaintiff met, or equaled, a listing. The plaintiff, however, seems to speculate that, since more than two years had passed between the time of the mental and physical consultative examinations and the hearing, maybe the plaintiff's condition had changed (Doc. 21, p. 12). The plaintiff provides no foundation for this speculation. All that she refers to on this point is the advice that the plaintiff elevate her legs (id., p. 11). The law judge, however, appropriately discounted that advice, as previously indicated. The law judge, therefore, could reasonably think that the evidence in the record was sufficiently timely that he could make his determination of the Appendix 1 issue on that evidence without the need for a medical advisor.

Significantly, the plaintiff's current law firm represented her at the hearing. Her lawyer made no request for the presence of a medical expert either on the basis of stale information, or any other basis. This lack of a

request confirms that there is no justification for the plaintiff's present contention.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 24th day of August, 2009.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE